(48 App. Div. 410.)

RHODES et al. v. WHEELER et al.

(Supreme Court, Appellate Division, Third Department. March 7, 1900.)

1. INJUNCTION—SUPPLEMENTARY ORDER—WANT OF NOTICE.
    Under Code Civ. Proc. § 609, providing that an injunction order after defendant has answered can be granted only on notice or an order to show cause, it is irregular to grant, ex parte, after answer, an additional injunction restraining defendants from doing acts not enjoined by the previous order made before answer.
2. SAME—CONTINUING ORDER—EFFECT.
    Where an injunction order has been granted after defendant has answered, without notice, contrary to Code Civ. Proc. § 609, and defendant moves to vacate it, an order denying such motion, and continuing such injunction, made on an order to show cause served on defendant, will not cure the irregularity or validate such injunction from the date of the order to show cause where the latter order and the injunction were made by a judge without jurisdiction to entertain applications therefor.

Appeal from special term, Montgomery county.

Action by John H. Rhodes and another against Joseph B. Wheeler and another. From an order denying defendants' motion to vacate an injunction order and continuing it on plaintiffs' motion, defendants appeal. Reversed.

Argued before PARKER, P. J., and HERRICK, MERWIN, SMITH, and KELLOGG, JJ.

Lyon, Painter & Hinman, for appellants.
Risley & Love, for respondents.

PARKER, P. J. It needs but a statement of the facts to show that the order appealed from cannot be sustained. On June 1, 1899, on the application of the plaintiffs, an injunction order was granted, without notice, against the defendants, by a judge residing in the Fifth judicial district, and was served with the summons

and complaint in this action. Subsequently the defendants appeared and answered. Thereupon, on August 1, 1899, an amended complaint was served upon the defendants, who, on August 9, 1899, served an answer thereto. On September 2, a motion was made by the defendants to change the venue from Montgomery county to Broome county, which was denied. On September 23, 1899, the plaintiffs procured from the same judge who granted the injunction order of June 1st an order in which it is recited that it is "a supplementary injunction order, in addition to the one heretofore granted" by the same judge. Such order was procured without any notice to the defendants, and was allowed without requiring any additional security. Upon the service upon them of such order, the defendants applied ex parte to the judge who granted it, and upon the papers upon which it was granted, for an order vacating the same, upon the grounds, among several others, that it was granted ex parte, that the judge who granted it was without jurisdiction to do so, and that it was error to grant it without requiring security to be given. It is manifest that such application should have been granted. The order is an independent and additional injunction order. It is not a mere explanation of the prior order of June 1st, as the plaintiffs' counsel claim. It goes further than that order, and enjoins the defendants from doing acts which were not enjoined by that former order. It is, therefore, clearly within the prohibition contained in section 609 of the Code of Civil Procedure, that an injunction order, after defendant has answered, "can be granted only upon notice or an order to show cause." It was, therefore, irregular to grant it ex parte. And, moreover, the judge who did grant it would have had no right to do so upon notice, for the venue was in the county of Montgomery, in the Fourth judicial district, and the county in which the judge resides was not an adjacent one. A motion which can be granted only upon notice "must be made in the judicial district in which the action is triable, or in a county adjoining that in which it is triable." Code, § 769. It is only ex parte orders that may be granted by a judge in any part of the state. Id. § 772. Therefore, if the plaintiffs desired to get the additional order of September 23d, they should have moved on notice before some judge in the Fourth judicial district, and not attempted to evade the plain rules of practice by getting a so-called "supplementary order" from a judge ex parte in another district. When the defendants moved to vacate the order of September 23d, the judge who granted it declined to entertain their motion until notice had been given to the plaintiffs' attorneys, and named the 4th day of November as the day upon which he would hear the application. The defendants thereupon, on the 26th day of October, 1899, served upon the plaintiffs' attorneys notice that such an application would be then made at the chambers of such judge. Upon such 4th day of November, the defendants appeared at the chambers of such judge, and, he being then absent, it was agreed between them and the plaintiffs' attorneys that the application should be heard as soon as they could arrange with the said judge for a day upon which he would hear it. Subsequently, on November 8th,

the plaintiffs served upon the defendants' attorneys an order granted by said judge to show cause before him at his chambers on November 11th why the motion to vacate such injunction order of September 23d should not be denied, and why the same should not be continued, and leave granted to the plaintiffs to file a new undertaking. Upon such 11th of November the parties both appeared before the judge, who then and there made an order denying the application to vacate the order of September 23d, and continuing the same on condition that plaintiffs file an undertaking in the sum of $250, and pay to the defendants $10 costs on or before November 21, 1899. From the order so made this appeal is taken.

As shown above, the refusal to vacate the order of September 23d was error. It was irregularly granted, in plain disregard of the prohibition contained in section 609 of the Code. The attempt to give such order new force and effect by the order to show cause why it should not be continued did not cure the irregularity, or give it a new life from that date, for the reason, above stated, that the judge had no jurisdiction to entertain such a motion. As appears in the order, such objection was taken by the defendants in due season, and the grounds thereof specifically stated and urged upon the attention of the judge, and it cannot, therefore, be claimed that anything has been waived by them in that regard. All of the facts so relied upon appear in the original papers upon which the order of September 23d was granted.

Without considering the other questions raised by the appellants' attorneys, the above reasons require that the order should be reversed.

Order reversed, with $10 costs and disbursements, and order of September 23, 1899, vacated, with $10 costs of motion. All concur.